**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Otis OATES, Defendant–Appellant.**

No. 04–5994.

United States Court of Appeals,
Sixth Circuit.

Sept. 23, 2004.

U.S. Attorney's Office, Knoxville, TN, for Plaintiff–Appellee.

Otis Oates, Coleman, FL, pro se.

Before GUY, SUTTON, and COOK, Circuit Judges.

*ORDER*

The defendant entered a guilty plea to a charge of possession of a firearm by a convicted felon. He was sentenced on November 26, 2003, and the judgment form of conviction and sentence was entered on the district court docket sheet on the same day. On June 9, 2004, the defendant filed documents in the district court challenging his conviction on various grounds. One of the documents was labeled as a notice of appeal. That document was forwarded to this court and resulted in the present appeal.

Rule 4(b)(1)(A), Fed. R.App. P., provides that a defendant in a criminal proceeding has ten (10) days from the entry of judgment in which to file a timely notice of appeal.[1] That time limit is mandatory and jurisdictional and the failure of a defendant to file a timely notice of appeal deprives this court of jurisdiction. *United States v. Guardino*, 972 F.2d 682, 685 (6th Cir.1992); *United States v. Wrice*, 954 F.2d 406, 408 (6th Cir.) (per curiam), *cert. denied*, 504 U.S. 945, 112 S.Ct. 2286, 119 L.Ed.2d 211 (1992). Although Rule 4(b)(4) provides for a possible extension of time of up to a maximum of forty days to file a notice of appeal, the present notice of appeal was filed far beyond that period of time.

It therefore is **ORDERED** that this appeal is dismissed for lack of appellate jurisdiction. This order is without prejudice to any post-judgment review which may be available to the defendant.[2]

---

1. Rule 26(a)(2), Fed. R.App. P., excludes Saturdays, Sundays, and legal holidays from the ten-day period.

2. We note that the district court docket sheet shows that the defendant filed, on August 3, 2004, a motion to vacate sentence under 28 U.S.C. § 2255.